*208 OPINION.
Geaupner:
It is contended in substance that the taxpayer relied for repayment mainly on the inventive genius of Cannock, and that after his death nothing remained except possibly the parts and tools which were taken over, and that there was nothing out of which the *209 debt could be satisfied. If this had been established the taxpayer might be entitled to prevail.
It was shown that the last advance was made November 30, 1919, almost eleven months after Cannock’s death, so it may reasonably be presumed that the taxpayer had expectations of collecting the amount due it without recourse to Cannock. Yet the debt was charged off some time in the following month, the exact date not being shown. There is evidence to the effect that “all manner of means ” to collect the debt were attempted, but of what these attempts consisted or when they were made we have no knowledge. As we held in the Appeal of Valdosta Grocery Co., 2 B. T. A. 727, evidence of efforts made to collect a debt, unaccompanied by a showing of what those efforts were or why they failed, is insufficient.
There is also the fact to be considered that the C. & H. Co. is still in existence. While one of the witnesses testified the company was “ dormant,” in the same breath he stated he did not know whether the'company was doing any business. Apparently no steps were ever taken by the taxpayer to liquidate the company. While a creditor is not required to resort to legal remedies to establish the worthlessness of a debt, the fact that he did not, with no facts establishing a reason for not doing so, is matter for consideration.
Upon the whole evidence, we are of the opinion that the worthlessness of the debt has not been established.

The deficiency is $14-,.171.85. Order will be entered accordingly.